**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** )<br>**COMMISSION,** )<br>**Plaintiff,** )<br> )<br> )<br>**v.** )<br> )<br>**CVS PHARMACY, INC.** )<br> )<br>**Defendant** )<br>_____ ) | **CIVIL ACTION**<br>**NO. 1:14-CV-863**<br><br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") to correct a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII in violation of Section 707(a) of Title VII. Specifically, as alleged with greater detail below, since at least August 2011, CVS Pharmacy, Inc. ("CVS") conditioned non-store FLSA exempt employees' receipt of severance pay on an overly broad, misleading and unenforceable Separation Agreement ("Separation Agreement") that interferes with its employees' right to file charges with the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Fair Employment Practices Agencies ("FEPAs") and communicate voluntarily with and participate in the proceedings conducted by the EEOC and FEPAs.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6 ("Section 707").

3. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Section 707(a) of Title VII, 42 U.S.C. § 2000e-6.

5. At all relevant times, Defendant has continuously been a corporation under the laws of the State of Delaware, doing business in the city of Chicago, IL, having its headquarters and registered office at One CVS Drive, Woonsocket, RI 02895.

6. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a).

## STATEMENT OF CLAIMS

7. During the time period from at least August 2011 to the present, Defendant has been engaged in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII, in violation of Section 707. This pattern or practice of resistance includes conditioning the receipt of severance benefits on FLSA exempt non-store employees' agreement to a Separation Agreement that deters the filing of charges and interferes with employees' ability to communicate voluntarily with the EEOC and FEPAs.

8. Among other things, the *five-page single spaced* Separation Agreement (attached as Exhibit A with identifying information for the affected employee redacted) states:

   a. **Cooperation.** "In the event Employee receives a subpoena, deposition notice, interview request, or another inquiry, process or order relating to any civil, criminal or *administrative investigation*, suit, proceeding or other legal matter relating to the Corporation from *any investigator*, attorney, or any other third party, *Employee agrees to*

2

*promptly notify the Company's General Counsel by telephone and in writing.*" (emphasis added)

b. **Non-Disparagement**. "Employee will not make any statements that disparage the business or reputation of the Corporation, and/or any officer, director, or employee of the Corporation."

c. **Non-Disclosure of Confidential Information.** "Employee shall not disclose to any third party or use for himself or anyone else Confidential information without the prior written authorization of CVS Caremark's Chief Human Resources Officer." Such information includes "information concerning the Corporation's personnel, including the skills, abilities, and duties of the Corporation's employees, wages and benefit structures, succession plans, information concerning affirmative action plans or planning . . ."

d. **General Release of Claims.** "Employee hereby releases and forever discharges CVS Caremark Corporation . . . from any and all causes of action, lawsuits, proceedings, complaints, *charges*, debts contracts, judgments, damages, claims, and attorneys fees against the Released Parties, whether known or unknown, which Employee has ever had, now has or which the Employee . . . may have prior to the date [of] this Agreement . . . . *The Released Claims include . . . any claim of unlawful discrimination of any kind . . . .*" (emphasis added) .

e. **No Pending Actions; Covenant Not to Sue.** "Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed, or initiated, any *complaint*, claim, action or lawsuit of any kind against any of the Related parties in any federal, state, or local court, or *agency*. Employee agrees *not to initiate or file, or cause to be initiated or file, any action, lawsuit, complaint or proceeding*

*asserting any of the Released Claims against any of the Released Parties. . . . Employee*
*agrees to promptly reimburse the Company for any legal fees that the Company incurs as*
*a result of any breach of this paragraph by Employee."*

f.  The preceding paragraph entitled "No Pending Actions; Covenant Not to Sue" contains a
single qualifying sentence that is not repeated anywhere else in the Agreement (though
the other limitations are contained in separate paragraphs), noting that "[n]othing in this
paragraph is intended to or shall interfere with Employee's right to participate in a
proceeding with any appropriate federal, state or local government agency enforcing
discrimination laws, nor shall this Agreement prohibit Employee from cooperating with
any such agency in its investigation."

g.  If the Employee breaches CVS's Separation Agreement, the Agreement requires that the
"Employee acknowledges that a breach . . . will result in irreparable injury to some or all
of the Corporation . . . .  In the event that a court issues a temporary restraining order,
preliminary injunction, permanent injunction, or issues any other similar order enjoining
Employee from breaching this Agreement, or awards CVS any damages due to
Employee's breach of this Agreement, Employee agrees to promptly reimburse the
Company for all reasonable attorneys fees incurred by CVS . . . ."

9.  Defendant reported that more than 650 employees entered into Separation Agreements based
on the attached form in 2012.

10. The use of this Separation Agreement constitutes resistance to the full enjoyment of rights
secured by Title VII because the Separation Agreement interferes with an employee's right to
file a charge with the EEOC or FEPAs, and to participate and cooperate with an investigation
conducted by the EEOC or FEPAs.

11. CVS, through its pattern or practice of using this Separation Agreement with non-store employees, has intended to deny the full exercise of these Title VII rights. Limiting employees' right to file charges and participate and cooperate with the EEOC and FEPAs interferes with the EEOC and the FEPAs' statutorily assigned responsibility to investigate charges of discrimination.

12. All conditions precedent to the filing of this lawsuit have been met.

### PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in a pattern or practice of resistance to the right to file a charge and participate and cooperate with investigations by the EEOC or FEPAs including but not limited to enjoining Defendant from using the current version of its Separation Agreement described in this Complaint (or any substantially equivalent Release) or from prohibiting employees from filing charges with or cooperating with EEOC or FEPAs.

B. Order Defendant to reform its Separation Agreement consistent with the provisions of Section 707 of Title VII both as to employees who are subject to the Agreement and as to any future Agreements.

C. Order Defendant to institute and carry out policies, practices, and programs that provide for the full exercise of the right to file a charge and participate and cooperate with the EEOC and FEPAs, including but not limited to a corrective communication with the Company's workforce informing all employees that they retain the right to file a charge

of discrimination and to initiate and respond to communication with the EEOC and state FEPAs and are not required to keep certain information confidential in those communications or to notify the Company's Human Resources Department or General Counsel about such communications and the addition of the same language to the Company's anti-discrimination policy; and training for the Company's human resources and management personnel and any personnel who write, negotiate or execute Employment Agreements about employees' right to file charges and communicate with the EEOC and state FEPAs:

D. Provide three-hundred days to file a charge of discrimination with EEOC or a FEPA for any former employee who was subject to the Separation Agreement described in this Complaint (or any substantially equivalent Release).

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs in this action.

Dated: February 7, 2014

Respectfully submitted,

s/P. David Lopez

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

s/John Hendrickson

John Hendrickson
Regional Attorney

s/Gregory Gochanour

Gregory Gochanour
Supervisory Trial Attorney

s/Deborah Hamilton

Deborah Hamilton, No. 6269891
Trial Attorney

s/Laura Feldman, No. 6296356

Laura Feldman
Trial Attorney