IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:14-CV-863 |
| v. | ) ) | Hon. John W. Darrah |
| CVS PHARMACY, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MOVANT RETAIL LITIGATION CENTER, INC.'S MOTION FOR LEAVE TO FILE AS AMICUS CURIAE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 5.6, the Retail Litigation Center, Inc. ("RLC") respectfully moves for permission to file the attached *amicus curiae* brief in this matter. Defendant CVS Pharmacy, Inc. has consented to the filing of this brief. Plaintiff Equal Employment Opportunity Commission opposes this motion.

RLC is a public policy organization that identifies and engages in legal proceedings involving important issues that affect the retail industry. The RLC's members include many of the country's largest and most innovative retailers. The member entities whose interests the RLC represents employ millions of people throughout the United States, provide goods and services to tens of millions more, and account for tens of billions of dollars in annual sales. The RLC seeks to provide courts with retail-industry perspectives on important legal issues, and to highlight the potential industry-wide consequences of significant pending cases.

1

This case presents issues of particular importance to the RLC because of its members' extensive experience with separation agreements similar to the one at issue in this case. Employers across the retail industry routinely enter into separation agreements with departing employees as a mutually beneficial mechanism to resolve employment disputes efficiently. Such agreements provide employers with finality through a release of claims, provide employees with additional compensation as they seek new employment, and resolve countless potential disputes each year without recourse to the federal courts. The RLC submits that its perspective will assist the Court by providing broader context for the important issues this case presents, including the potential industry-wide implications of a ruling altering the legal landscape governing separation agreements upon which hundreds of thousands of employers and employees nationwide currently rely.

The decision whether to allow an *amicus curiae* brief to be filed rests within the sound discretion of the district court. *The Chamberlain Group, Inc. v. Interlogix, Inc*., 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004). Case law in this district makes clear that such filings are permitted whenever the non-party seeking leave "may have relevant data that will be instrumental to a resolution of [the] matter" or represents "interests that will be significantly affected by the resolution of [the] matter." *United States v. Bd. of Educ. of City of Chicago*, 1993 WL 408356, at *3-*4 (N.D. Ill. Oct. 12, 1993). Both of these criteria are fully met here. *See also, e.g.*, *Anheuser-Busch, Inc. v. Schnorf*, 738 F. Supp. 2d 793, 795 (N.D. Ill. 2010); *Sherman ex rel. Sherman v. Township High School Dist. 214*, 540 F. Supp. 2d 985, 989 (N.D. Ill. 2008); *Chicago Lawyers' Comm. for Civil Rights Under the Law, Inc. v. Craigslist, Inc*., 461 F. Supp. 2d 681, 683 (N.D. Ill. 2006).

For these reasons, the RLC respectfully requests that the Court grant this Motion and direct the clerk to file the attached *amicus curiae* brief in this matter.

Dated: April 28, 2014

Deborah R. White
RETAIL LITIGATION CENTER
1700 N. Moore Street
Suite 2250
Arlington, VA 22209
(703) 600-2067

Respectfully submitted,

/s/ Gregory M. Boyle
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2651

Jason C. Schwartz
Thomas M. Johnson Jr.
Lindsay S. See
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Attorneys for Movant The Retail Litigation Center, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service were served with a copy of this document via the Court's CM/ECF system on April 28, 2014.

      /s/ Gregory M. Boyle
      Gregory M. Boyle
      JENNER & BLOCK LLP
      353 N. Clark Street
      Chicago, IL 60654-3456
      (312) 923-2651

      *Attorney for Movant The Retail Litigation Center, Inc.*