IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CVS PHARMACY, INC.,<br>　　　　Defendant. | No. 1:14-CV-863<br><br>Hon. John W. Darrah |

## MOVANT RETAIL LITIGATION CENTER, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AS AMICUS CURIAE

The Equal Employment Opportunity Commission opposes the Retail Litigation Center, Inc.'s ("RLC") motion for leave to file a brief *amicus curiae*, suggesting that the RLC brief is merely an attempt to extend the page limit for defendant CVS Pharmacy, Inc. RLC files this short reply to address this baseless suggestion.

1. The RLC represents the extensive experience of its membership across the entire retail industry, which gives the RLC a "unique perspective" on and direct interest in these proceedings that would not be fully represented otherwise. *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). The RLC is troubled that the EEOC would pursue its unprecedented theory in this case, challenging well-accepted separation agreements and releases, while at the same time asking this Court to foreclose the opportunity for the nation's leading retail employers to share with the Court their "unique perspective" on the significant broader impact of the EEOC's novel position.

2. The RLC was founded as an independent 501(c)(6) in 2010 to serve as the voice of the retail industry in the judicial branch. Since then, the RLC has filed *amicus curiae* briefs in

1

dozens of cases nationwide at all stages of litigation, in both federal and state courts. As here, these cases involved important issues with direct implications for the retail industry as a whole, including, for example, class action certification, arbitration, administrative law, and intellectual property. Just last year, the U.S. Supreme Court recognized the value of the RLC's contributions on behalf of the retail industry by citing the RLC's *amicus curiae* brief in its opinion in *Kirtsaeng v. John Wiley & Sons, Inc*. *See* 133 S. Ct. 1351, 1365 (2013).

3. Given the potential impact that the decision in this case could have on the entire retail industry and, indeed, all employers, it is readily apparent that the RLC represents "interests that will be significantly affected by the resolution of this matter." *United States v. Bd. of Educ. of City of Chicago*, 1993 WL 408356, at *3 (N.D. Ill. Oct. 12, 1993). Accordingly, the RLC respectfully requests that the Court consider the RLC's distinct voice and stake in this case (*Voices for Choices*, 339 F.3d at 545), as well as the "relevant data" in its brief that may "be instrumental to [the Court's] resolution" (*Bd. of Educ.*, 1993 WL 408356, at *4), by granting the RLC's motion for leave to file a brief *amicus curiae*.

Dated: May 5, 2014

Deborah R. White
RETAIL LITIGATION CENTER
1700 N. Moore Street
Suite 2250
Arlington, VA 22209
(703) 600-2067

Respectfully submitted,

/s/ Gregory M. Boyle
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2651

Jason C. Schwartz
Thomas M. Johnson Jr.
Lindsay S. See
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Attorneys for Movant The Retail Litigation Center, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service were served with a copy of this document via the Court's CM/ECF system on May 5, 2014.

      /s/ Gregory M. Boyle
      Gregory M. Boyle
      JENNER & BLOCK LLP
      353 N. Clark Street
      Chicago, IL 60654-3456
      (312) 923-2651

      *Attorney for Movant The Retail Litigation Center, Inc.*