UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMISSION, | ) ) ) |
| Plaintiff, | ) Case No. 14-cv-863 ) |
| v. | ) Judge John W. Darrah ) |
| CVS PHARMACY, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed suit against Defendant CVS Pharmacy, Inc. ("CVS"), alleging a pattern or practice of resistance to the full enjoyment of rights secured by Title VII of the Civil Rights Act of 1964 in violation of 42 U.S.C. 2000-e6(a). On April 18, 2014, CVS filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. For the reasons set forth below, CVS's Motion for Summary Judgment [15] is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the non-moving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of

summary judgment. Local Rule 56.1(b)(3)(C) further permits the nonmovant to submit a statement "of any additional facts that require the denial of summary judgment . . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The majority of the facts are undisputed. The following facts are taken from the Rule 56.1 statement of facts filed by CVS. CVS is a Delaware corporation, doing business in Chicago, Illinois. (SOF ¶ 2.) This Court has federal jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and venue is proper pursuant to 28 U.S.C. § 2000e-6. (SOF ¶¶ 3-4.)

Tonia Ramos is a former CVS Pharmacy manager who was discharged in July 2011. (SOF ¶ 5.) On July 27, 2011 Ms. Ramos signed a separation agreement with CVS[1], (Compl. Ex. A). (SOF ¶ 6). Soon thereafter, Ms. Ramos filed a charge with EEOC alleging that CVS terminated her due to her sex and race. (SOF ¶ 7).

On June 13, 2013, the EEOC dismissed Ramos's charge. (SOF ¶ 9). However, the EEOC sent CVS a letter, stating there was reasonable cause to believe that, based on the

---

[1] The Retail Litigation Center, Inc., notes in its *amicus curiae* brief that similar severance agreements are used nationwide in both the private and public sector and have been widely upheld. (*Amicus* Br. at 6-7). They also argue that invalidating the CVS Severance Agreement would have "far-reaching and dramatic implications across multiple industries." (*Amicus* Br. at 7).

severance agreement, CVS was engaged in a pattern or practice *of resistance* to the full enjoyment of rights secured by Title VII. (Emphasis added.) (SOF ¶ 8; Affidavit of Joseph McConnell Exh. H).

The EEOC and CVS engaged in settlement negotiations via telephone on June 27, 2013, and July 16, 2013. (Resp. SOF ¶ 8). The EEOC filed the present lawsuit on February 7, 2014. (SOF ¶ 12).

It is undisputed that no conciliation procedure was implemented. (Resp. SOF ¶¶ 10-11). The EEOC contends it is not required to engage in conciliation procedures in this case. As more fully discussed below, the resolution of this issue is dispositive of Defendant's summary judgment motion.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (quotation omitted). The

adverse party must do so by "submitting admissible, supporting evidence in response to a proper motion for summary judgment." *Harney v. City of Chicago*, 702 F.3d 916, 925 (7th Cir. 2012).

## ANALYSIS

The EEOC claims that CVS is engaging in a pattern or practice *of resistance* to the full enjoyment of rights secured by Title VII of the Civil Rights Act of 1964 by conditioning certain employees' severance pay on the signing of the separation agreement. (Emphasis added.) (Compl. ¶ 1) [2]. Specifically, the EEOC claims the Agreement deters the filing of charges and interferes with the employees' ability to communicate voluntarily with the EEOC and Fair Employment Practices Agencies[3]. (Compl. ¶ 7). The complaint alleged that this action was brought pursuant to Section 707(a) of Title VII of the Civil Rights Act of 1964, as amended,

---

[2] EEOC attempts to expand the meaning of the term "resistance" in § 707(a) beyond acts of discrimination and retaliation. EEOC argues that the term resistance should be given its plain meaning and interpreted as an effort to keep an employee from exercising their rights under the Act. EEOC cites several cases that deal with non-employers frustrating the purposes of the Act, and claims that the cases show that "resistance" is more than the unlawful conduct prohibited by §§ 703-704. *See U.S. v. Gulf-State Theaters, et al.*, 254 F. Supp. 549, 557-58 (N.D. Miss. 1996); *U.S. v. Original Knights of the Ku Klux Klan*, 250 F. Supp. 330, 356 (N.D. Miss. 1996); *U.S. v. Board of Educ. for School Dist. of Philadelphia*, 911 F.2d 882, 891-93 (3d Cir. 1990). However, in *Burlington N. & Santa Fe Ry. Co. v. White*, the Supreme Court stated that the antiretaliation provision is designed to keep employers from interfering with the enforcement of the Act "through retaliation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006). Moreover, the antiretaliation provision is interpreted broadly and "extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 2414, 165 L. Ed. 2d 345 (2006). Simply put, the term "resistance" is encompassed by the antiretaliation and discrimination provisions and requires some retaliatory or discriminatory act.

[3] The "covenant not to sue" provision (¶ 8), prohibits an employee from "initat[ing] or fil[ing] … a complaint or proceeding asserting any of the Released Claims." (SA at ¶ 8.) The general release of claims is set out in ¶ 7 of the Agreement, but that section also includes the caveat that the release does not limit "any rights that the Employee cannot lawfully waive." (SA ¶ 7). However, there is a specific carve out for an employee's "right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws";

4

42 U.S.C. § 2000e-6 ("Section 707"). (Compl. ¶ 4).

In 1972, Congress amended the enforcement procedures of Title VII of the Civil Rights Act of 1964 and transferred authority under § 707 from the Attorney General to the EEOC to institute "pattern or practice lawsuits." *E.E.O.C. v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 968 (7th Cir. 1996). Under Section 707(a), the Attorney General had the power to bring civil complaints when there was "reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by" Title VII and "that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described." 42 U.S.C. § 2000e-6(a). Effective March 1974, the functions of the Attorney General under Section 707 transferred to the EEOC. 52 U.S.C. § 2000e-6(c).

Under Section 707(e), "the Commission shall have authority to investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission." 42 U.S.C. § 2000e-6(e). Any "such actions shall be conducted in accordance with the procedures set forth in [Section 706]."

---

and further provides, "nor shall this Agreement prohibit [the employee] from cooperating with any such agency in its investigation." (SA ¶8). As CVS points out, "participate" is a broad term. *See Russello v. United States*, 464 U.S. 16, 21-22 (1983). The verb participate is defined as "to be involved with others in doing something" and "to take part in an activity… with others." http://www.merriam-webster.com/dictionary/participate. It is not reasonable to construe "the right to participate in a proceeding with any appropriate federal … agency," (SA at ¶ 8), to exclude the right of the employee from filing an EEOC charge. And, even if the Separation Agreement explicitly banned filing charges, those provisions would be unenforceable and could not constitute resistance to the Act. *See EEOC v. Astra* 94 F.3d 738, 746 (1st Cir. 1996); *EEOC v. Morgan Stanley & Co.*, No. 01-CV-8421, 2002 WL 31108179, at *1-2 (S.D.N.Y. Sept. 20, 2002).

42 U.S.C. § 2000e-6(e). When there is a reasonable belief that a person or persons has engaged in an unlawful employment practice, the EEOC "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, *conciliation*, and persuasion." 42 U.S.C. § 2000e-5(b) (emphasis added).

EEOC argues that claims brought under Section 707(a) are distinct from Section 707(e) and that conciliation is not required in an action brought under Section 707(a). (Resp. ps.19-20). EEOC cites to the legislative history of the transfer of power from the Attorney General to the EEOC under the 1972 amendments. The United States Supreme Court discussed that legislative history in *General Telephone Company of the Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318 (1980):

> Senator Williams then noted that, upon the transfer, "[t]here will be no difference between the cases that the Attorney General can bring under section as a 'pattern or practice' charge and those which the [EEOC] will be able to bring." *Id.*, at 4081. Senator Javits agreed with both Senators: "The EEOC . . . has the authority to institute exactly the same actions that the Department of Justice does under pattern or practice."

*Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 328 (1980). The EEOC argues that since the Attorney General was not required to bring a charge or engage in conciliation, the transfer of that office's authority to the EEOC under Section 707(a) is not constrained by the procedures required under Section 706. The EEOC also cites to the Seventh Circuit which stated, "Congress also transferred to EEOC authority previously vested in the Attorney General under Section 707 of Title VII to institute 'pattern or practice' lawsuits on its own initiative – i.e., without certain of the prerequisites to a civil action under 2000e-5(f)." *Harvey L. Walner & Assoc.*, 91 F.3d at 968.

However, courts have interpreted Section 707(a) as granting authority to the EEOC to bring charges of a pattern or practice of discrimination and not as creating a separate cause of action. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 964-65 (11th Cir. 2008) ("Section 707(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(a), entitles the Government to bring a pattern or practice claim . . . against an *ongoing act of intentional discrimination* in violation of Title VII.") (emphasis added)); *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977) ("And, because it alleged a systemwide pattern or practice of resistance to the full enjoyment of Title VII rights, the Government ultimately had to prove more than the mere occurrence of isolated or "accidental" or sporadic discriminatory acts.").

The EEOC argues that the Seventh Circuit recognized their authority to proceed without "certain prerequisites," *i.e.*, without following the procedures in Section 706. But the lack of prerequisites noted by the Seventh Circuit refers to ability of the EEOC to proceed without a charge filed with the Commission. *See Harvey L. Walner & Assoc.*, 91 F.3d at 968 (Amendments transferred authority to institute "pattern or practice" lawsuits on its own initiative.).

Thus, it is clear that the transfer of prosecutorial authority in 707(a) from the Attorney General was not intended to create a cause of action for the EEOC other than those specifically conferred on the commission pursuant to 707(e) and subject to the procedures provided in 706, including the obligation of conciliation. Moreover, the EEOC cites to no case law distinguishing actions brought under Section 707(a) and actions brought under 707(e), nor has any case been found that supports the distinction between the two sections as argued by the EEOC. That Section 707(a) and Section 707(e) use slightly different language, *i.e.* "pattern or practice of

7

resistance" in 707(a) and "pattern or practice of discrimination" in 707(e), is not controlling. *See* 42 U.S.C. §§ 2000e-6(a), (e). The Seventh Circuit has commented that "'Congress' special care in drawing so precise a statutory scheme' as Title VII 'makes it incorrect to infer that Congress meant anything other than what the text does say.'" *E.E.O.C. v. Mach Min., LLC*, 738 F.3d 171, 174 (7th Cir. 2013) cert. granted, 134 S. Ct. 2872 (U.S. 2014) (quoting *University of Texas Southwestern Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2530 (2013)).

While the 1972 Amendment did authorize the EEOC to proceed without a charge on "pattern or practice" claims, the Amendment did not authorize the EEOC to forego the procedures in Section 706. *See* 42 U.S.C. § 2000e-6(e). As this court has held, "[t]he Commission's new authority under 707(c), unlike the Attorney General's authority under 707(a), is required to be exercised in accordance with the procedures set forth in section 706(b), which includes efforts to conciliate with the respondent prior to the institution of suit." *E.E.O.C. v. United Air Lines, Inc.*, 73 C 972, 1975 WL 194, *2 (N.D. Ill. June 26, 1975). Moreover, the EEOC's own regulations require the agency to use informal methods of eliminating an unlawful employment practice where it has reasonable cause to believe that such a practice has occurred or is occurring. *See* 29 C.F.R. § 1601.24(a). As such, EEOC was required to follow the procedures in 706, including conciliation. *See* 42 U.S.C. § 2000e-6(e). The EEOC failed to do so.

The EEOC may sue only after it has attempted to secure a conciliation agreement acceptable to the Commission. *See Mach Min.*, 738 F.3d at 174. As mentioned above, it is undisputed that the EEOC did not engage in any conciliation procedure. (Resp. SOF ¶¶ 10-11).

Therefore, the EEOC was not authorized to file this suit against CVS; and CVS is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, CVS's Motion for Summary Judgment [15] is granted. The case is terminated.

Date:  October 7, 2014

9