## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 1:14-cv-00863 |
| v. | Judge John W. Darrah |
| CVS PHARMACY, INC., | |
| Defendant. | |

## DEFENDANT'S MOTION TO LIFT STAY AND SET SCHEDULE FOR
## FEE MOTION AND ACCOMPANYING EXCHANGE OF RECORDS OR EVIDENCE

After this Court entered judgment in favor of Defendant CVS Pharmacy, Inc. ("CVS") in October 2014, CVS filed an unopposed motion to stay the deadlines imposed by Local Rule 54.3 for seeking recovery of CVS's attorneys' fees from Plaintiff, the Equal Employment Opportunity Commission ("EEOC"). After all, EEOC was entitled to seek appellate review of this Court's judgment, and if that judgment were reversed, vacated, or modified on appeal, then time spent by the parties and the Court in preparing and adjudicating a motion for attorneys' fees would have been wasted. This Court granted that unopposed motion and entered a stay.

The Seventh Circuit subsequently affirmed this Court's judgment, and denied EEOC's petition for rehearing. And, as of June 7, 2016, the time for EEOC to petition for certiorari from the Supreme Court has expired; EEOC has not sought such review. Accordingly, this Court's judgment in CVS's favor is now final, and CVS respectfully moves for an order lifting the stay and setting a schedule, consistent with Local Rule 54.3, for the exchange of billing records and submission of its fee motion. CVS has conferred with EEOC about this motion, and EEOC has indicated that it opposes this motion. In support of this motion, CVS states as follows:

1.      On February 7, 2014, EEOC filed a Complaint (Dkt. No. 1) that alleged that CVS violated Section 707(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-6(a), by employing a severance agreement that the EEOC attached to the Complaint.

2.      On October 7, 2014, this Court granted CVS Pharmacy's Motion for Summary Judgment (Dkt. No. 15) and terminated the case.  (Dkt. Nos. 32-33.)

3.      Section 706(k) of Title VII provides in relevant part that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee … as part of the costs, and the Commission … shall be liable for costs the same as a private person." 42 U.S.C. § 2000e-5(k).

4.      Local Rule 54.3(d) requires parties to "confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion."  Accordingly, in October and November 2014, counsel for CVS conferred with counsel for EEOC by telephone and through an exchange of letters about a possible fee motion.

5.      In light of the likelihood that EEOC would appeal this Court's judgment, however, CVS ultimately filed a motion to stay the deadlines associated with filing a fee motion "until the conclusion of any appellate process."  (Dkt. No. 35, at 3.)  Such a course made sense, the motion explained, because a "subsequent appellate decision could affect any fee motion." (*Id.* at ¶ 7.)  A stay of the fee proceedings until this Court's judgment in CVS's favor became final would thus "conserve the resources of this Court and the parties and would also enable this Court and the parties to assess better the propriety, or lack thereof, of any fee motion under Section 706(k)." (*Id.*)  EEOC did not oppose that motion for a stay.

6.      This Court granted the motion in a minute entry.  (Dkt. No. 37.)  Thus, "the deadlines contained in Local Rule 54.3 and all associated steps or motions" were stayed by this Court "until the conclusion of any appellate process."  (Dkt. No. 35, at 3.)

7.      As expected, EEOC noticed an appeal from this Court's judgment in favor of CVS, on December 5, 2014.  (Dkt No. 38.)  Following briefing and argument, the Seventh Circuit panel unanimously affirmed this Court's judgment on December 17, 2015.  (Dkt. No. 50.)

8.      EEOC then filed a petition for panel rehearing or rehearing en banc, on January 28, 2016.  (Dkt. No. 48.)  No judge called for a vote on that petition, and all of the judges on the panel voted to deny rehearing.  Thus, on March 9, 2016, the Seventh Circuit denied rehearing.  (*Id.*)

9.      EEOC was entitled to file a petition for certiorari to the U.S. Supreme Court within 90 days of the Seventh Circuit's denial of rehearing.  *See* S. Ct. R. 13(1), 13(3).  Thus, any certiorari petition would have been due by June 7, 2016.  EEOC did not file a petition for certiorari.

10.     On June 8, 2016, once EEOC's time for seeking certiorari expired, counsel for CVS contacted counsel for EEOC to propose this motion to lift this Court's stay and set a schedule for a fee motion and associated steps under Local Rule 54.3.  EEOC indicated that it opposes the motion, because it believes the stay automatically terminated in December 2015, when the Seventh Circuit issued its panel decision, and that any fee motion by CVS would therefore now be untimely.

11.     EEOC is incorrect.  CVS's earlier, unopposed motion—which this Court granted— requested a stay of all deadlines "until the conclusion of any appellate process."  (Dkt. No. 35, at 3; Dkt. No. 37.)  That "appellate process" did not "conclu[de]" until EEOC's time for seeking certiorari expired on June 7, 2016.  Until that time, this Court's judgment was susceptible to further appellate review, if EEOC chose to seek it.  The judgment had thus not yet become final.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (judgment "becomes final when the time expires for filing a petition for certiorari"); *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (state conviction becomes "final" when "time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (judgment becomes "final" only after "time for a petition for certiorari elapse[s]").  Only after EEOC's time to seek certiorari had elapsed did this Court's judgment become final.  That is thus when the "appellate process" concluded.

12.     Moreover, the purpose of the stay was to ensure that the parties and the Court did not waste resources litigating the attorneys' fees issue based on a judgment that was subject to reversal, vacatur, or modification.  That risk did not dissipate until EEOC's time for seeking Supreme Court review elapsed.  Now that this Court's judgment has become final, it is time to undertake the process set forth by Local Rule 54.3 for resolving CVS's entitlement to attorneys' fees.

WHEREFORE, CVS Pharmacy respectfully requests that this Court lift the stay imposed on December 2, 2014 (Dkt. No. 37) and set the following deadlines based on Local Rule 54.3:

a)  Within 21 days of this Court's order, CVS shall provide to EEOC the time and work records and other information specified by Local Rule 54.3(d)(1)-(3).

b)  Within 21 days of receipt of that information, EEOC shall provide to CVS the time and work records and other information specified by Local Rule 54.3(d)(5).

c)  Within 14 days of the completion of these exchanges of information, the parties shall identify their remaining disputes, as specified by Local Rule 54.3(d).

d)  Within 70 days of this Court's order, the parties shall cooperate to complete preparation of the joint statement outlined by Local Rule 54.3(e).

e)  CVS shall file its fee motion, together with the joint statement and supporting materials, within 91 days of this Court's order, pursuant to Local Rule 54.3(b).

Dated: June 13, 2016                              Respectfully submitted,

                                                  CVS PHARMACY, INC.
                                                  /s/ Eric S. Dreiband
                                                  Eric S. Dreiband
                                                  Yaakov M. Roth
                                                  JONES DAY
                                                  51 Louisiana Avenue NW
                                                  Washington, DC 20001
                                                  Tel: (202) 879-3720

                                                  *Counsel for Defendant CVS Pharmacy, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 13th day of June, 2016.

*/s/ Eric S. Dreiband*
Eric S. Dreiband

*Counsel for Defendant CVS Pharmacy, Inc.*
