UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMISSION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CVS PHARMACY, INC., ) <br> ) <br> Defendant. ) | Case No. 14-cv-863 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On June 13, 2016, Defendant filed a Motion to Lift the Stay and Set Schedule for Fee Motion and Accompanying Exchange of Records or Evidence [52]. For the reasons set forth below, Defendant's Motion [52] is granted.

## BACKGROUND

The Equal Employment Opportunity Commission (the "EEOC") filed suit against CVS Pharmacy, Inc., alleging a pattern or practice of resistance to the full enjoyment of rights secured by Title VII of the Civil Rights Act of 1964 in violation of 42 U.S.C. 2000-e6(a). Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, which was granted on October 7, 2014. Defendant filed an Unopposed Motion to Stay the Deadlines for Any Fee Motion, which was granted on December 2, 2014. Three days later, Plaintiff filed a Notice of Appeal. The Seventh Circuit upheld the grant of summary judgment in favor of Defendant on December 17, 2015. Plaintiff's petition for rehearing *en banc* was denied on March 9, 2016. On June 13, 2016, Defendant filed the present Motion.

**LEGAL STANDARD**

District courts have discretion in interpreting and enforcing local rules. *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011) (citing *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000); *Borcky v. Maytag Corp.*, 248 F.3d 691, 697 (7th Cir. 2001)).

**ANALYSIS**

Under Local Rule 54.3, a fee motion "shall be filed and served no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded" unless the court sets a different schedule for such a filing. Defendant's Unopposed Motion to Stay the Deadlines for Any Fee Motion, which was granted on December 2, 2014, requested to "[stay] the deadlines contained in Local Rule 54.3 and all associated steps or motions *until the conclusion of any appellate process*." (Dkt. 35, p. 7) (emphasis added). The EEOC argues that the operative language, and the language they agreed to, is earlier in the motion: "the [EEOC] informed [Defendant] that it would not oppose a motion by [Defendant] that seeks permission to defer any fee motion until the *latter of either the expiration of time for filing a notice of appeal or an appellate decision* in the matter if the Commission pursues an appeal." (*Id.* at p. 2) (emphasis added). Under Plaintiff's reading, a fee motion should have been filed by March 17, 2016, 91 days after the Seventh Circuit's ruling on December 17, 2015.

As the purpose of the stay was to make sure that any fee motion was not affected by a subsequent appellate decision, the stay was intended to last until all appellate procedures had been exhausted. *See* (Dkt 35, p. 2) ("If the EEOC appeals, any decision by the U.S. Court of Appeals for the Seventh Circuit and any subsequent appellate decision could affect the motion."). Further, the EEOC requested a change to the language of the "wherefore" clause to

2

include "all associated steps or motions" but did not object to that clause referring to the appellate process. (Dkt. 56-1, p. 6.) The appellate process is not over until the denial of *certiorari* or the lapse of the time for filing a petition for a writ of *certiorari*. *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 158 (7th Cir. 1995) ("denial of *certiorari* . . . marks the end of the appellate process"). The time for EEOC to petition for *certiorari* ended on June 7, 2016. Therefore, according to the agreed motion, Defendant has 91 days from June 7, 2016, to file a fee motion.

## CONCLUSION

Defendant's Motion to Lift the Stay and Set Schedule for Fee Motion and Accompanying Exchange of Records or Evidence [52] is granted.

Date:    September 9, 2016    /s/ _____
                                                           JOHN W. DARRAH
                                                           United States District Court Judge