**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | No. 1:14-CV-863-JWD |
| v. | |
| CVS PHARMACY, INC., | **MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |
| Defendant. | |

<u>**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR ATTORNEYS' FEES**</u>

Eric S. Dreiband
Jacob (Yaakov) M. Roth
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for CVS Pharmacy, Inc.*

<u>**TABLE OF CONTENTS**</u>

**Page**

FACTUAL AND PROCEDURAL BACKGROUND ................................................................ 1

ARGUMENT ...................................................................................................................... 3

I.      CVS IS PLAINLY THE "PREVAILING PARTY" IN THIS MATTER ........................................... 4

II.     EEOC'S LAWSUIT WAS "UNREASONABLE" FOR TWO INDEPENDENT REASONS ................. 4

      A.     CVS Is Entitled to Fees Because This Court and the Seventh Circuit
           Concluded That the Factual Premise of EEOC's Case Was Unreasonable .......... 5

      B.     CVS Is Entitled to Fees Because EEOC Filed Its Lawsuit in Violation of
           Title VII and the Agency's Own Procedural Regulations ..................................... 8

III.    EEOC DOES NOT DISPUTE THAT CVS'S FEE REQUEST SEEKS REIMBURSEMENT
       BASED ON REASONABLE HOURLY RATES ....................................................................... 11

IV.    CVS'S ATTORNEYS EXPENDED A REASONABLE NUMBER OF HOURS TO ENSURE
       SUCCESS IN THIS LITIGATION ....................................................................................... 12

CONCLUSION ................................................................................................................. 15

i

## TABLE OF AUTHORITIES

**Page**

CASES

*Arizona ex rel. Horne & EEOC v. Geo Grp., Inc.*,
    816 F.3d 1189 (9th Cir. 2016) ............................................................................11

*Blum v. Stenson*,
    465 U.S. 886 (1984)................................................................................11, 12

*Caldwell v. Miller*,
    790 F.2d 589 (7th Cir. 1986) ...............................................................................10

*Christiansburg Garment Co. v. EEOC*,
    434 U.S. 412 (1978).................................................................. *passim*

*CRST Van Expedited, Inc. v. EEOC*,
    136 S. Ct. 1642 (2016)......................................................................4

*EEOC v. Am. Fed'n of Teachers*,
    761 F. Supp. 536 (N.D. Ill. 1991) ........................................................................10

*EEOC v. Asplundh Tree Expert Co.*,
    340 F.3d 1256 (11th Cir. 2003) ...........................................................................10

*EEOC v. Bellemar Parts Indus., Inc.*,
    868 F.2d 199 (6th Cir. 1989) .................................................................................6

*EEOC v. CRST Van Expedited, Inc.*,
    679 F.3d 657 (8th Cir. 2012) .................................................................................9

*EEOC v. CVS Pharm., Inc.*,
    809 F.3d 335 (7th Cir. 2015) ........................................................ *passim*

*EEOC v. Detroit-Macomb Hosp. Corp.*,
    Nos. 91-1088, 91-1278, 1992 WL 6099 (6th Cir. Jan. 14, 1992)...........................5

*EEOC v. Doherty Enterprises, Inc.*,
    126 F. Supp. 3d 1305 (S.D. Fla. 2015) ..........................................................11, 13

*EEOC v. Eagle Quick Stop*,
    No. 05-cv-2074, 2007 WL 4268778 (S.D. Miss. Nov. 30, 2007)...........................4

## TABLE OF AUTHORITIES
(continued)

Page

*EEOC v. Glob. Horizons, Inc.*,
940 F. Supp. 2d 1316 (E.D. Wash. 2013) ...............................................................10

*EEOC v. IPCO Hosp. Supply Co.*,
565 F. Supp. 134 (S.D.N.Y. 1983) ...........................................................................5

*EEOC v. Peoplemark, Inc.*
No. 1:08–cv–907, 2011 WL 1707281 (W.D. Mich. Mar. 31, 2011) ......................14

*EEOC v. Pierce Packing Co.*,
669 F.2d 605 (9th Cir. 1982) ..................................................................................10

*EEOC v. Propak Logistics, Inc.*,
746 F.3d 145 (4th Cir. 2014) ..................................................................................10

*EEOC v. Shell Oil Co.*,
466 U.S. 54 (1984) ..................................................................................................10

*Ganci v. U.S. Limousine Serv. Ltd.*,
No. 10-CV-3027, 2015 WL 1529772 (E.D.N.Y. Apr. 2, 2015) .............................14

*Ill. Migrant Council v. Pilliod*,
672 F.Supp. 1072 (N.D. Ill. 1987) ..........................................................................13

*Lightfoot v. Walker*,
826 F.2d 516 (7th Cir. 1987) ..................................................................................13

*Pasternak v. Radek*,
No. 07 C 2858, 2008 WL 2788551 (N.D. Ill. Apr. 3, 2008).................................11

*Pickett v. Sheridan Health Care Ctr.*,
664 F.3d 632 (7th Cir. 2011) ..................................................................................12

*Ragsdale v. Lumpkin*,
94 F.3d 647, 1996 WL 449201 (7th Cir. 1996) (unpublished) ..............................13

*Reichenberger v. Pritchard*,
660 F.2d 280 (7th Cir. 1981) .............................................................................4, 7

*Serpas v. Schmidt*,
No. 82C4715, 1986 WL 7063 (N.D. Ill. June 17, 1986) ......................................13

iii

**TABLE OF AUTHORITIES**
(continued)

Page

**STATUTES**

42 U.S.C. § 2000e-5.................................................................................................*passim*

42 U.S.C. § 2000e–6.................................................................................................8, 9, 11

**OTHER AUTHORITIES**

29 C.F.R. § 1601.1.................................................................................................10

29 C.F.R. §§ 1601.22.................................................................................................11

29 C.F.R. § 1601.24(a).................................................................................................10

29 C.F.R. § 1601.26(a).................................................................................................11

29 C.F.R. § 1601.27.................................................................................................10

Defendant CVS Pharmacy, Inc. ("CVS") is entitled to recover attorneys' fees in this case because the claim pursued by Plaintiff Equal Employment Opportunity Commission ("EEOC") was unreasonable, lacked both factual and legal basis, wasted this Court's resources, unfairly maligned CVS, and violated the law. *First*, while EEOC accused CVS of using a severance agreement that unlawfully "chilled" former employees' rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), both this Court and a unanimous Seventh Circuit panel agreed that this key premise of EEOC's claim was "unreasonable." After all, the agreement expressly *permitted* employees to file EEOC charges and participate in EEOC proceedings. *Second*, EEOC rushed to court, refusing to heed CVS's repeated requests that the agency try to resolve the matter through confidential conciliation and mediation. By filing its complaint and rejecting CVS's attempts to resolve this matter privately, EEOC violated Title VII and its own regulations. For these reasons, EEOC should bear the costs of the more than two years of litigation that ensued.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      In July 2011, CVS discharged a manager, Tonia Ramos, and Ramos executed a severance agreement. *EEOC v. CVS Pharm., Inc.*, 809 F.3d 335, 336 (7th Cir. 2015). Under this routine agreement ("the Agreement"), Ramos received certain benefits from CVS in exchange for waiving claims she might have against the company. The Agreement expressly clarified that it *did not* "interfere" with her "right to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws," or otherwise "prohibit [her] from cooperating with any such agency." ECF No. 1-1, §§ 7-8.

2.      A few weeks later, Ramos filed a charge with EEOC, alleging race and sex discrimination. *See* 809 F.3d at 337. As required by Title VII, EEOC conducted a confidential investigation of her charge. 42 U.S.C. § 2000e–5(b). As part of this investigation, CVS provided EEOC with a copy of Ramos's Agreement. *See* 809 F.3d at 337.

**3.** In June 2013, EEOC told CVS that it believed the company's use of the Agreement constituted a "pattern or practice of resistance" to Title VII rights. *Id.* Three days later, EEOC dismissed Ramos's charge. *Id.* at 338.

On July 29, 2013, CVS asked EEOC to "comply with the pre-suit procedures contained in Title VII," including the confidential conciliation required by law, and proposed mediation. ECF No. 17-1 at 49-50. EEOC rejected CVS's requests and instead insisted it would file suit and only resolve its claims thereafter through a public consent decree. 809 F.3d at 338. CVS repeatedly pleaded with EEOC to try to resolve the dispute by conciliation and without litigation, explained that it was amending its Agreement to address EEOC's concerns, and reminded EEOC that both Title VII and EEOC's regulations guaranteed CVS the right to attempt confidential resolution without the costs and public spectacle of litigation. ECF No. 17-1 at 52-53.

**4.** EEOC never responded. Instead, more than six months later, it filed suit, alleging that the Agreement improperly prohibited charge-filing and cooperation with EEOC—even though the Agreement contained explicit carve-outs permitting precisely these things. ECF No. 1. EEOC filed the Agreement as an attachment to its Complaint. ECF No. 1-1. On the same day it filed its complaint, EEOC issued a press release blasting CVS for allegedly interfering with its employees' Title VII rights and using a release agreement with "small print." *See* Ex. A (Dreiband Decl.) ¶ 7 & Att. 1.

**5.** Prior to discovery, CVS moved to dismiss or for summary judgment. ECF Nos. 15-16. It explained that its Agreement *authorized* charge-filing and cooperation with EEOC, and that both the statute and EEOC regulations barred EEOC from bringing suit without first trying conciliation and following other presuit procedures. *Id.* EEOC opposed the motion, but tellingly failed to address its violations of its own regulations. ECF No. 27.

This Court granted summary judgment against EEOC and dismissed the case. ECF No. 32. In its opinion, this Court held that "[i]t is not reasonable" to construe CVS's Agreement as "exclud[ing] the right of the employee from filing an EEOC charge." ECF No. 33 at 5 n.3. The Court also held that EEOC violated Title VII and its own regulations when it filed suit and that EEOC failed to allege any retaliatory or discriminatory act under Title VII. *Id.* at 4 n.2, 8.

6.      EEOC appealed, and a Seventh Circuit panel affirmed in a unanimous, published decision. *First*, the Seventh Circuit agreed that "it is unreasonable to construe the [Agreement] as restricting the signatory from filing a charge or otherwise participating in EEOC proceedings." 809 F.3d at 341 n.4. *Second*, the panel held that EEOC's no-conciliation approach would "undermine both the spirit and letter" of Title VII. *Id.* at 343. Accordingly, the court held that EEOC violated Title VII when it filed suit and also failed to follow "the approach required under the EEOC's own regulations." *Id.* at 342. *Finally*, the Seventh Circuit held that EEOC can only sue to challenge discrimination or retaliation, neither of which it had alleged. *Id.* at 341.

7.      EEOC petitioned for rehearing *en banc*, and the Seventh Circuit denied the petition without dissent.

## ARGUMENT

Title VII authorizes a court to award "a reasonable attorney's fee" to a "prevailing party." 42 U.S.C. § 2000e-5(k). When a defendant prevails in a Title VII case, a district court "in its discretion," *id.*, may award such fees if the plaintiff's suit was "unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Here, CVS was clearly the "prevailing party" in the litigation, and EEOC's lawsuit was "unreasonable," as both this Court and the Seventh Circuit have already concluded. Accordingly, the Court should grant the "reasonable" fees that CVS requests.

## I.    CVS Is Plainly the "Prevailing Party" in This Matter.

Only the "prevailing party" may recover attorneys' fees in a Title VII case.  42 U.S.C.

§ 2000e-5(k).  A defendant is a prevailing party in Title VII litigation "whenever the plaintiff's

challenge is rebuffed, irrespective of the precise reason for the court's decision."  *CRST Van*

*Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1645, 1651 (2016).  CVS prevailed under this

standard: CVS secured the dismissal of a nationwide lawsuit pursued by EEOC acting on behalf

of hundreds of former employees.  Thus, CVS is the "prevailing party" under Title VII.

## II.    EEOC's Lawsuit Was "Unreasonable" for Two Independent Reasons.

The award of fees to a prevailing Title VII defendant is appropriate when the plaintiff's

lawsuit was "unreasonable" or "groundless."  *Christiansburg*, 434 U.S. at 422.  This "in no way

implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against

him."  *Id.* at 421.  Instead, it reflects one purpose of Title VII's fee-shifting provision: "to spar[e]

defendants from the cost of frivolous litigation."  *CRST Van Expedited*, 136 S. Ct. at 1652.

In assessing whether a claim is "unreasonable" under the *Christiansburg* standard, district

courts may consider a variety of factors, including "whether the controversy [was] sufficiently

based upon a real threat of injury to the plaintiff" and whether "the record" supported the

plaintiff's legal theories.  *Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981).

District courts may also "consider distinctions between [EEOC] and private plaintiffs."

*Christiansburg*, 434 U.S. at 422 n.20.  In particular, a court appropriately considers EEOC's

sophistication and expertise, as well as the resources and authority it enjoys as a government

agency, when determining whether fees are warranted.  *See, e.g.*, *EEOC v. Eagle Quick Stop*, No.

05-cv-2074, 2007 WL 4268778, at *6 (S.D. Miss. Nov. 30, 2007).  After all, "[t]he United States

and its agencies with superior time, money and manpower should not be able to subject

defendants, even corporate defendants, to unnecessary and wasteful depletion of resources in

4

order to pursue an untenable position." *EEOC v. Detroit-Macomb Hosp. Corp.*, Nos. 91-1088, 91-1278, 1992 WL 6099, at *5 (6th Cir. Jan. 14, 1992); *see also EEOC v. IPCO Hosp. Supply Co.*, 565 F. Supp. 134, 135 (S.D.N.Y. 1983) ("[W]here an official agency decides to inject the power of government into a dispute between private persons, such agency should at least satisfy itself that the claim it is supporting is bona fide.").

Here, EEOC's lawsuit against CVS was "unreasonable" and "without foundation" for two reasons. *First*, this Court and the Seventh Circuit both concluded that it was unreasonable for EEOC to construe CVS's Agreement as preventing departing employees from cooperating with the agency or filing EEOC charges, because the Agreement expressly permitted employees to engage in precisely these protected activities. The basic premise of EEOC's claim was thus without factual foundation. Indeed, as EEOC well knew, Ramos filed a charge after signing the Agreement; there was thus no support in the record to suggest that *anyone* was ever unlawfully harmed by CVS's Agreement. *Second*, EEOC's suit was unreasonable because the agency violated Title VII and its own procedural regulations when it filed and publicized its complaint without first trying to resolve the matter confidentially through conciliation, as CVS requested.

**A.    CVS Is Entitled to Fees Because This Court and the Seventh Circuit Concluded That the Factual Premise of EEOC's Case Was Unreasonable.**

To start, this Court should award attorneys' fees to CVS because this Court *has already concluded* that the central premise of EEOC's complaint—*i.e.*, that CVS's severance agreement interfered with the right of its former employees to participate in EEOC proceedings—was "not reasonable." ECF No. 33 at 5 n.3. The Seventh Circuit agreed: "[T]he district court correctly concluded that *it is unreasonable* to construe the Agreement as restricting the signatory from filing a charge or otherwise participating in EEOC proceedings." 809 F.3d at 341 n.4 (emphasis added). This is precisely the standard that *Christiansburg* sets.

The basic factual premise of EEOC's complaint was that CVS's Agreement "deter[red] its employees from freely exercising their Title VII rights," including the rights to file a charge and to participate in EEOC investigations. ECF No. 27 at 1. That premise, however, was refuted repeatedly by the Agreement's plain text. *First*, the Agreement's release provision expressly provided that "this release does not include any rights that Employee cannot lawfully waive." ECF No. 1-1, § 7. That carved out the right to cooperate with law enforcement agencies like EEOC. *Second*, the Agreement's covenant not to sue made clear that it did not "interfere with" the employee's "right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws"—like EEOC—or "prohibit Employee from cooperating with any such agency in its investigation." *Id.* § 8. *Third*, while the Agreement prohibited former employees from disclosing CVS's confidential information without consent, and contained a standard non-disparagement clause, it expressly allowed employees to make "truthful statements or disclosures that are required by applicable law, regulation or legal process." *Id.* § 13. *Finally*, the Agreement urged employees "to seek the advice of legal counsel concerning this Agreement before signing," and offered 21 days to consider whether to sign and a 7-day revocation period thereafter, to ensure that nobody was misled. *Id.* §§ 10-11.

EEOC, however, apparently "did not bother to properly consider the facts presented to it before forging ahead and hailing [CVS] into court[.]" *EEOC v. Bellemar Parts Indus., Inc.*, 868 F.2d 199, 200 (6th Cir. 1989) (affirming fee award). Because the Agreement "makes clear that it does not obstruct the signatory's ability to file a charge with the EEOC" or exercise her Title VII rights, 809 F.3d at 341 n.4, both this Court and the Seventh Circuit determined that the factual premise of EEOC's claim was "not reasonable" and "unreasonable." *Id.*; ECF No. 33 at 5 n.3. Again, that is the exact standard for granting attorneys' fees. *Christiansburg*, 434 U.S. at 422.

In the merits proceedings, EEOC contended that it did not matter whether the Agreement *actually* prohibited charge-filing or participation with EEOC, because its "broad and ambiguous" terms *might* have a "chilling effect on the exercise of Title VII rights," supposedly by confusing former employees about their rights. ECF No. 27 at 15-18. Significantly, though, EEOC never identified *any* evidence that the Agreement *ever* "chilled" *anyone*. Indeed, the only evidence in the record is that Ramos, who signed the Agreement, was not deterred in the slightest from filing an EEOC charge just a few weeks later. *See* 809 F.3d at 336-37. Moreover, there is no evidence or allegation that she was subjected to any consequences for doing so. EEOC's claim against CVS was thus founded on mere speculation—worse, speculation at odds with the record. That militates further in favor of awarding attorneys' fees, because EEOC sued without establishing any "real threat of injury" to *anyone*. *Reichenberger*, 660 F.2d at 288.

In short, EEOC pursued a nationwide action against CVS, even though CVS's agreement did not, on any fair reading, prohibit or interfere with EEOC charge-filing or any other sort of protected cooperation with the agency. Regardless, then, of whether EEOC's *legal theory* had any reasonable basis, CVS should be awarded the attorneys' fees that it spent defending against a claim that lacked a plausible *factual foundation*. *See Reichenberger*, 660 F.2d at 288 (upholding award of fees because of plaintiffs' "threshold inability to allege injury," since "the assertedly unsettled issue the plaintiffs have raised need not be addressed to dispose of this case").[1]

---

[1] The baselessness of EEOC's lawsuit is further *compounded* by the novel, unprecedented nature of EEOC's legal theory. EEOC contended that use of CVS's Agreement constituted a forbidden "pattern or practice," even though it did not allege that CVS *ever* committed *any* "unlawful employment practices" under Title VII. The statute, its legislative history, and forty years of jurisprudence all stood against that boundless interpretation. *See* CVS Appellee Br. 26-31. This Court expressed its doubt about EEOC's legal theory, *see* ECF No. 33, at 4 n.2, and the Seventh Circuit squarely rejected it: Section 707(a) does not "create a broad enforcement power for the EEOC to pursue non-discriminatory employment practices that it dislikes," but only to challenge "workplace discrimination and retaliation." 809 F.3d at 341. It was particularly baseless and unreasonable—indeed, egregious—for EEOC to launch this trial balloon in a case that lacked a proper factual foundation for such a theory.

B.     **CVS Is Entitled to Fees Because EEOC Filed Its Lawsuit in Violation of Title VII and the Agency's Own Procedural Regulations.**

CVS is entitled to attorneys' fees for a second, independent reason: EEOC violated both Title VII and its own procedural regulations by filing suit without regard for CVS's repeated pleas that the agency first engage in mandatory, confidential conciliation efforts.

When Congress in 1972 authorized EEOC "to investigate and act on a charge of a pattern or practice of discrimination," it required that EEOC do so "in accordance with the procedures set forth in [§ 706]." 42 U.S.C. § 2000e-6(e). Those cross-referenced procedures include efforts to resolve the case via informal methods of "conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). "Nothing said or done during and as a part of such informal endeavors may be made public," and Congress created criminal penalties for EEOC employees who violate the statute's confidentiality protections. *Id.* EEOC is permitted to file suit only *after* it has tried to resolve its claims through conciliation and those efforts have failed. *Id.* § 2000e-5(f)(1).

Yet here, EEOC failed to comply with these requirements. Before EEOC filed suit, CVS repeatedly attempted, by letters and in phone conversations, to persuade EEOC to engage in conciliation. *See* ECF No. 17-1 at 49-50, 52-53. Despite CVS's numerous pleas requesting that EEOC engage in conciliation efforts, it is undisputed that EEOC ignored its statutory obligations and filed suit, insisting that it would only consider a settlement *afterwards*, in the form of a consent decree. *See* 809 F.3d at 338. But EEOC did not stop there. On the same day it filed its complaint, it issued an inflammatory press release asserting that CVS had interfered with the Title VII rights of its employees. *See* Ex. A (Dreiband Decl.) ¶ 7 & Att. 1. EEOC's efforts to malign CVS without fully considering the factual record or engaging in mandatory conciliation efforts thus violated CVS's right to seek confidential conciliation and led to this unnecessary and costly litigation.

In defense of its action, EEOC contended—for the first time in the forty years since Title VII's 1972 amendment—that it must follow the procedures set forth in § 706 *only* when EEOC *chooses* to act on a "charge" of discrimination, which it asserted this case did not involve. Yet EEOC had itself elsewhere stated that "[w]hether denominated 'pattern-or-practice,' systemic, or 'class'-wide discrimination, and whether filed under 42 U.S.C. § 2000e-5 (§ 706) or § 2000e-6 (§ 707), *all EEOC litigation* shares the same administrative prerequisites." Br. for EEOC at 62, *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012) (emphasis added), https://www.eeoc.gov/eeoc/litigation/briefs/crst.txt. EEOC made the same point to other courts even *after* it filed this case. *See infra* at n.2 (quoting Br. of EEOC at 45-46, *EEOC v. Geo Grp.*, No. 13-16292, 2014 WL 1004560, at *40 (9th Cir. Mar. 7, 2014)). Both this Court and the Seventh Circuit found EEOC's new reading to be baseless. As this Court explained, "it is clear" that when Congress transferred litigating authority to EEOC in 1972, it did not "intend[] to create a cause of action for the EEOC other than those specifically conferred on the commission pursuant to 707(e) and subject to the procedures provided in 706, including the obligation of conciliation." ECF No. 33 at 7. The Seventh Circuit similarly found that EEOC "reads Section 707(e)—which requires all actions under Section 707 to be 'conducted in accordance with the procedures set forth in [Section 706]'—out of the statute." 809 F.3d at 340.

Moreover, even if Title VII *could* reasonably be construed to allow EEOC's conduct in this litigation, EEOC's regulations cannot be. Thus, this Court correctly found, and the Seventh Circuit affirmed, that the agency's insistence on proceeding without conciliation violated its own binding procedural rules. ECF No. 33 at 8; 809 F.3d at 342. Tellingly, CVS raised this point in its summary judgment motion, but EEOC never responded. Nor could it have: EEOC's rules do not exempt *any* cases from the conciliation duty, but rather provide that *whenever* EEOC has

"reasonable cause to believe that an unlawful employment practice has occurred or is occurring, [it] shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion." 29 C.F.R. § 1601.24(a). And EEOC may "bring a civil action" *only* if it is unable to secure "a conciliation agreement acceptable to the Commission." *Id.* § 1601.27. These rules bind EEOC in all Title VII cases, 29 C.F.R. § 1601.1, even if Title VII itself does not require conciliation. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 67 (1984); CVS Appellee Br. 49-50.

Applying *Christiansburg*, courts have held that EEOC's disregard for its own regulations "is the apex of unreasonableness." *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982) (affirming fee award). And a fee award is "particularly appropriate where, as here," EEOC ignores a "threshold procedural bar." *EEOC v. Am. Fed'n of Teachers*, 761 F. Supp. 536, 541 (N.D. Ill. 1991). Fees are thus properly awarded when EEOC ignores its presuit duties. *E.g.*, *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1261 (11th Cir. 2003) (fees upheld where EEOC failed to conciliate "in its haste to file … lawsuit" involving "lurid" allegations); *EEOC v. Glob. Horizons, Inc.*, 940 F. Supp. 2d 1316, 1325 (E.D. Wash. 2013) (failure to comply with presuit duties "exposes the EEOC to an award of reasonable attorneys' fees"); *EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 152 (4th Cir. 2014) (fee award proper where EEOC failed to identify class members before suing). Simply put, EEOC "must conform its actions to the procedures that it has adopted." *Caldwell v. Miller*, 790 F.2d 589, 609 (7th Cir. 1986).

Instead of following its regulations here, EEOC forced CVS into court and ignored CVS's willingness to negotiate in good faith and to address the agency's concerns without the need for litigation. EEOC's conduct wasted judicial resources and also deprived CVS of the opportunity to resolve this dispute expeditiously and privately—without the spectacle, cost, and reputational harm attendant upon EEOC's trumpeting a lawsuit. EEOC, not CVS, is

appropriately responsible for the price of this litigate-at-all-costs strategy.[2]

## III. EEOC DOES NOT DISPUTE THAT CVS'S FEE REQUEST SEEKS REIMBURSEMENT BASED ON REASONABLE HOURLY RATES.

For the reasons explained above, CVS is entitled to recover "reasonable" attorneys' fees. Reasonable fees are those based on the prevailing market rate, *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984), which, presumptively, is the attorney's "actual billing rate." *Pasternak v. Radek*, No. 07 C 2858, 2008 WL 2788551, at *5 (N.D. Ill. Apr. 3, 2008).

Here, EEOC has indicated to counsel for CVS that it does not challenge the hourly rates for which CVS seeks reimbursement. CVS seeks the following rates, which are *below* the rates at which its attorneys billed for their work in this matter and *below* the rates those attorneys typically charge for comparable work. *See* Ex. A (Dreiband Decl.) ¶ 12:

---

[2] EEOC cannot argue that the district court's decision in *EEOC v. Doherty Enterprises, Inc.*, 126 F. Supp. 3d 1305 (S.D. Fla. 2015), demonstrates that it acted reasonably when it refused to conciliate here. *Doherty*—which was decided *after* EEOC filed its suit against CVS—found that conciliation is required "only when the EEOC is investigating or acting on a charge of discrimination." *Id.* at 1310. In that case, there was no indication that EEOC's challenge to the employer's arbitration agreement originated with a "charge" of discrimination. *See id.* Here, however, EEOC's complaint arose from its investigation of Ramos's charge, as discussed above. And as EEOC argued successfully in a brief filed just one month after it filed this suit, "the pre-suit conciliation requirements are the same under § 706 and § 707 when a charge has been filed." Br. of EEOC at 45-46, *EEOC v. Geo Grp.*, No. 13-16292, 2014 WL 1004560, at *40 (9th Cir. Mar. 7, 2014); *see also Arizona ex rel. Horne & EEOC v. Geo Grp., Inc.*, 816 F.3d 1189, 1201 (9th Cir. 2016) ("[C]onciliation requirements do not change depending on whether the EEOC brings a claim under § 2000e–5 (a § 706 claim) or § 2000e–6 (a § 707 pattern-or-practice claim).").

In addition, *Doherty* provides additional support for CVS's position. On September 7, 2016, the *Doherty* court explained that to permit the EEOC to "discover a document during the investigation of a charge" and then use that document to sue under Title VII section 707(a) would violate the confidentiality protections contained in both Title VII, 42 U.S.C. §§ 2000e-5(b), 2000e-8(e), and EEOC's regulations, 29 C.F.R. §§ 1601.22 & 1601.26(a). Ex. A (Dreiband Dec.) ¶ 20 & Att. 5 (Order, *Doherty Enters.*, No. 9:14-cv-81184, ECF No. 169, at 4-5 (S.D. Fla. Sept. 7, 2016)). To hold otherwise, the court explained, would enable EEOC to "nullify all allegedly illegal conduct . . . simply by filing a lawsuit" and "potentially chill employers' voluntary participation in section 706 charge investigations." *Id.* These "absurd results," *id.* at 4, occurred in this case: EEOC received CVS's Agreement as part of its investigation of Ramos's charge, then publicized it by filing suit. *Doherty* thus highlights that EEOC committed a *second* statutory violation when it attached this agreement to the complaint in this case, in disregard of Title VII's confidentiality provisions. This is yet another reason why EEOC's litigation conduct was unreasonable.

| | |
|---|---|
| Eric Dreiband (Partner) | $560 / hour |
| Jacob Roth (Senior Associate) | $475 / hour |
| Nikki McArthur (Junior Associate) | $275 / hour |
| Adria Villar (Staff Attorney) | $175 / hour |
| Dana Robinson (Paralegal) | $175 / hour |

These rates appropriately reflect the experience and skill levels of CVS's attorneys and, indeed, are *lower* than rates billed by comparable attorneys in this District for matters of similar complexity. *See* Ex. A (Dreiband Decl.) ¶¶ 3-5, 10; Ex. B (Tilson Decl.) ¶¶ 7-10; Ex. C (Murdock Decl.) ¶¶ 8-11; *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (using "third party affidavits that attest to the billing rates of comparable attorneys" as good evidence of market rate). In any event, because EEOC does not dispute the reasonableness of these rates, this Court should adopt them for purposes of a fee award.

## IV. CVS'S ATTORNEYS EXPENDED A REASONABLE NUMBER OF HOURS TO ENSURE SUCCESS IN THIS LITIGATION.

The other component of "reasonable" attorneys' fees are the hours spent working on the matter. *See Blum*, 465 U.S. at 897. Here, CVS seeks reimbursement for 249.2 hours that its attorneys spent on its motion to dismiss or for summary judgment and related proceedings before this Court, which secured dismissal of EEOC's complaint without any discovery. Ex. A (Dreiband Decl.) ¶ 15 & Att. 2. In addition, CVS requests reimbursement for 574.3 hours that it spent litigating EEOC's appeal (including briefing, oral argument, and responding to EEOC's rehearing petition), *id.* ¶ 16 & Att. 3, and 66.2 hours expended on the instant fee motion, *id.* ¶ 17 & Att. 4. These numbers of hours are *below* the actual number of hours that CVS's attorneys spent working on the case. *Id.* ¶ 18. For the following six reasons, these figures are reasonable.

*First*, they are in line with what other courts have deemed reasonable in similar cases. For example, CVS's attorneys spent about 400 hours on its Seventh Circuit brief and oral argument; courts have upheld similar expenditures. *E.g.*, *Ill. Migrant Council v. Pilliod*, 672 F.Supp. 1072, 1084 (N.D. Ill. 1987) (awarding fees for 424.35 hours on appeal because "[c]ompetent appellate lawyering is a painstaking, time-consuming pursuit, frequently engaged in by a team of two or more"); *see also Ragsdale v. Lumpkin*, 94 F.3d 647, 1996 WL 449201, at *6 (7th Cir. 1996) (unpublished) (upholding fee award for two moot arguments and other argument preparation). CVS's expenditure of just over 250 hours on the proceedings before this Court also compares favorably to cases from this District. *E.g.*, *Serpas v. Schmidt*, No. 82C4715, 1986 WL 7063, at *4 (N.D. Ill. June 17, 1986) (awarding fees for 277 hours spent on summary judgment motion). And CVS seeks reimbursement for 43 hours for time spent coordinating with amici on appeal, similar to what has been reimbursed in other EEOC matters. *E.g.*, *EEOC v. Freeman*, 126 F. Supp. 3d 560, 577 (D. Md. 2015) (30 hours for amicus coordination).

*Second*, the time that CVS's attorneys spent was particularly reasonable due to the novel and unprecedented nature of this case, which required a careful and thorough review of five decades of statutory, legislative and regulatory history and case law to confirm and explain that the EEOC's assertions were unreasonable. *See, e.g.*, *Lightfoot v. Walker*, 826 F.2d 516, 520 (7th Cir. 1987) (upholding fee award for over six thousand hours of work where "case was one of the first of its kind in this country, thereby raising novel and complex legal and factual issues"). It is more time-consuming to respond to convoluted and unreasonable legal theories than to garden-variety discrimination or retaliation claims for which attorneys can follow a well-worn playbook.

*Third*, despite this case's importance, CVS seeks reimbursement only for work performed by one partner and two associates—both before this Court and on appeal. EEOC brought a

nationwide pattern or practice claim against CVS, arguably the most serious kind of civil rights claim that the EEOC can bring against any organization. CVS took the matter very seriously, and it compensated several lawyers for time spent on this matter. Here, though, it has limited its fee request to the three attorneys (along with two staff) who had the primary responsibility for the matter, to avoid inefficiency and duplication. *See Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027, 2015 WL 1529772, at *6 (E.D.N.Y. Apr. 2, 2015) ("The vast majority of the hours were billed by one partner and two associates, which is entirely reasonable.").

*Fourth*, the reasonableness of CVS's time records should be evaluated against the relative efficiencies achieved by securing dismissal before this case proceeded to discovery concerning the "more than 650 employees" whom EEOC alleged had signed the Agreement. ECF No. 1 ¶ 9. Indeed, CVS's legal strategy headed off what likely would have been protracted litigation requiring potentially thousands of hours of attorney time. *See* Ex. B (Tilson Decl.) ¶ 13; Ex. C (Murdock Decl.) ¶ 14. For example, attorneys in *EEOC v. Freeman* spent more than 2,800 hours litigating that case through discovery before securing its dismissal on summary judgment. *See* Decl. of Donald Livingston ¶ 10, Doc. 163-1, No. 8:09-cv-02573 (D. Md. Sept. 27, 2013). And in *EEOC v. Peoplemark, Inc.*, another large-scale EEOC case, attorneys expended approximately the same number of hours in just *six months* of litigation that CVS now claims for its attorneys' work over *more than two years*. *See* No. 1:08–cv–907, 2011 WL 1707281, at *7 n.6 (W.D. Mich. Mar. 31, 2011) (seeking fees for 837.70 hours between October 1, 2009 and March 29, 2010).

*Fifth*, other leading practitioners have reviewed the time records of CVS's attorneys and attested that the number of hours expended was reasonable on the facts and circumstances of this case. *See* Ex. B (Tilson Decl.) ¶¶ 14-15; Ex. C (Murdock Decl.) ¶¶ 15-16.

*Sixth*, CVS obtained complete victory over EEOC on all issues presented to the courts. Both this Court and the Seventh Circuit determined that EEOC's claims about the Agreement were unreasonable; rejected EEOC's no-conciliation approach to pattern-or-practice litigation; and found that EEOC's lawsuit violated both Title VII and EEOC's regulations.

In sum, in light of this case's nationwide scope, the unprecedented legal questions CVS had to address, and the thousands of hours of attorney time that CVS's attorneys' successful strategy saved, this Court should approve CVS's reasonable request for fees.

## CONCLUSION

For these reasons, the Court should award attorneys' fees to CVS in the amount requested.


Dated: October 7, 2016                          Respectfully submitted,

                                                CVS PHARMACY, INC.
                                                 */s/ Eric S. Dreiband*
                                                Eric S. Dreiband
                                                Jacob (Yaakov) M. Roth
                                                JONES DAY
                                                51 Louisiana Avenue NW
                                                Washington, DC 20001
                                                Tel: (202) 879-3720

                                                *Counsel for Defendant CVS Pharmacy, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 7th day of October, 2016.

*/s/ Eric S. Dreiband*
Eric S. Dreiband

*Counsel for Defendant CVS Pharmacy, Inc.*
