UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | Case No. 14-cv-863 |
| Plaintiff, ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| CVS PHARMACY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant CVS Pharmacy, Inc. filed a Motion for Attorney's Fees [63] pursuant to 42 U.S.C. § 2000e-5(k), Federal Rule of Civil Procedure 54(d), and Local Rule 54.3. For the reasons stated below, Defendant's Motion for Attorney's Fees [63] is granted in part and denied in part.

## BACKGROUND

The Equal Employment Opportunity Commission (the "EEOC") filed suit against CVS Pharmacy, Inc., alleging a pattern or practice of resistance to the full enjoyment of rights secured by Title VII of the Civil Rights Act of 1964 in violation of 42 U.S.C. § 2000-e6(a). Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, which was granted on October 7, 2014. On December 5, 2014, Plaintiff filed a Notice of Appeal. On December 17, 2015, the Seventh Circuit upheld the grant of summary judgment in favor of Defendant. Plaintiff's petition for rehearing *en banc* was denied on March 9, 2016.

1

## LEGAL STANDARD

The attorney's fee provision of Title VII states that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs, and the [EEOC] . . . shall be liable for costs the same as a private person." 42 U.S.C. § 2000e–5(k). However, in Title VII cases, attorney's fees should be awarded to a prevailing defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). This standard is the same for the EEOC and for private litigants. *Id.* at 422 n. 20.

## ANALYSIS

Courts generally have awarded attorneys' fees to prevailing defendants under 42 U.S.C. § 2000e–5(k) in two circumstances: (1) when the plaintiff "proceeds in the face of an unambiguous adverse ruling"; or (2) when the plaintiff "is aware with some degree of certainty of the factual or legal infirmity of his claim." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163 (7th Cir. 1983). It is not disputed that CVS was the prevailing party. In determining whether a prevailing defendant is entitled to fees, the court considers the following factors: "(1) whether the suit is one of first impression; (2) whether there is or was a real threat of injury to the plaintiff; and (3) whether the record supports a finding that the plaintiff's action was frivolous." *E.E.O.C. v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 627 (N.D. Ill. 1987) (citing *LeBeau v. Libbey-Owens-Ford Co.*, 799 F.2d 1152, 1156 (7th Cir. 1986); *Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981)). A case is frivolous when it "has no reasonable basis, whether in fact or law." *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir. 1985).

The claim that a Title VII "pattern or practice" case was frivolous must be carefully scrutinized. *Sears*, 114 F.R.D. at 629 (citing *Hermes v. Hein*, 742 F.2d 350, 357 (7th Cir. 1984); *Ekanem v. Health and Hospital Corp. of Marion County, Indiana*, 724 F.2d 563, 575 (7th Cir. 1983)).

Defendant argues that the lawsuit was frivolous for two reasons: (1) because the factual premise of Plaintiff's case was unreasonable and (2) because the lawsuit was filed in violation of Title VII and the EEOC's regulations. Plaintiff argues that the lawsuit was not frivolous or, in the alternative, that Defendant's proposed fees are unreasonable.

There is no claim that Plaintiff acted in the face of an unambiguous, advese ruling. It must therefore be determined whether or not the claim was factually or legally infirm.

*Factual Premise*

Defendant argues that it was unreasonable for the EEOC to claim that the severance terms were a pattern or practice of resistance to the rights secured by Title VII. Under Section 707(a), civil complaints may be brought when there is "reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by" Title VII and "that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described." 42 U.S.C. § 2000e-6(a). This Court found that the severance agreement contained a carve-out to the "covenant not to sue" provision, which enabled former employees to file a complaint with the EEOC and participate in enforcement of discrimination laws. The Seventh Circuit agreed. *E.E.O.C. v. CVS Pharmacy, Inc.*, 809 F.3d 335, 341 n. 4 (7th Cir. 2015) (". . . the district court correctly concluded that it is unreasonable to construe the Agreement as restricting the signatory from filing a charge or otherwise participating in EEOC proceedings.").

However, "there is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success." *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999). The EEOC argued that a combination of factors would lead a former employee to believe that they were precluded from exercising their rights under Title VII. And, as this Court has previously stated, "[t]he fact that a plaintiff advocates an inference that the court declines to adopt does not lead to the conclusion that the plaintiff acted without foundation." *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 800 (N.D. Ill. 2002), *aff'd*, 345 F.3d 515 (7th Cir. 2003) (citing *EEOC v. Elgin Teachers Ass'n*, 27 F.3d 292, 295 (7th Cir. 1994)).[1] It cannot be said that the lawsuit was based on a frivolous factual premise.

### *Legal Premise*

Defendant argues that it was an unreasonable legal argument for the EEOC to file a lawsuit without first engaging in conciliation. Plaintiff responds that other courts have held that conciliation is not required under a Section 707 action. *See Equal Employment Opportunity Commn v. Doherty Enterprises, Inc.*, 126 F. Supp. 3d 1305, 1312-13 (S.D. Fla. 2015). However, there, the Florida district court was following the precedent of its own circuit: "a requirement to conciliate is contrary to the precedent that binds this Court." *Id.* at 1312 (citing *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826 (5th Cir. 1975)). The Florida court also failed to analyze the EEOC's own regulations on the subject of conciliation.

---

[1] The Seventh Circuit noted that "the EEOC [did not] present evidence that anyone has actually been misled by the Agreement; instead, the EEOC admits that Ramos filed a charge of discrimination one month after signing it." *CVS Pharmacy, Inc.*, 809 F.3d at 341 n. 4. But again, plaintiff was advocating an inference that a reasonable person would be confused and believe that they could not file a complaint with the EEOC and/or participate in enforcement of discrimination laws, which the Court declined to adopt.

4

Even so, fees are "only permitted when litigation proceeds in the face of controlling and unambiguous precedent." *Hamer v. Lake Cty.*, 819 F.2d 1362, 1368 (7th Cir. 1987).[2]

However, the EEOC's own regulations require the agency to use informal methods of eliminating an unlawful employment practice where it has reasonable cause to believe that such a practice has occurred or is occurring. *See* 29 C.F.R. § 1601.24(a). Those regulations also provide that the EEOC may only bring a civil action if it is unable to secure "a conciliation agreement acceptable to the [EEOC]." 29 C.F.R. § 1601.27. Plaintiff argues that those regulations only apply to unlawful employment practices, which it did not allege in this case. However, the Complaint clearly alleges that CVS was engaging in unlawful employment practices: "The alleged unlawful employment practices were and are now being committed . . . ." (Compl., ¶ 3.)

Plaintiff also responds that it was not proceeding under a charge and that those regulations are only applicable when the EEOC proceeds under a charge.[3] The regulation requiring conciliation is not predicated on whether or not a charge has been brought: "Where the Commission determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring, the Commission shall endeavor to eliminate such practice

---

[2] An unpublished district court opinion has held that conciliation is required under Section 707, but that is not controlling precedent. *See E.E.O.C. v. United Air Lines, Inc.*, 73 C 972, 1975 WL 194, *2 (N.D. Ill. June 26, 1975). That does not lead to the conclusion that Plaintiff "proceed[ed] in the face of an unambiguous adverse ruling." *Badillo*, 717 F.2d at 1163.

[3] The Seventh Circuit clarified proceeding without a charge is also not permitted. *See CVS Pharmacy, Inc.*, 809 F.3d at 343 ("Lastly, we clarify a statement made in *dicta* in an earlier decision . . . . That statement should not be interpreted as permitting the EEOC to proceed without a charge . . . .").

by informal methods of conference, conciliation and persuasion." 29 C.F.R. § 1601.24(a).[4] Fee awards have been upheld due to the "EEOC's failure to comply with both its enabling act and its regulations." *Equal Employment Opportunity Comm'n v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982).

The EEOC failed to comply with its enabling act and its regulations, and a fee award is appropriate.

*Attorney's Fees*

"The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The EEOC does not challenge Defendant's proposed hourly rates but does challenge the number of hours claimed.

First, the EEOC argues that the records are insufficient and lack detail. This, the EEOC contends, precludes an accurate determination of what hours were spent on frivolous claims and what hours were spent on non-frivolous claims. A court must only award "fees requested [that] would not have accrued but for the frivolous claim." *Fox v. Vice*, 563 U.S. 826, 839 (2011). As Defendant notes, there was only one claim: that CVS was engaging in a pattern or practice of resistance to the full enjoyment of rights secured by Title VII of the Civil Rights Act of 1964 by conditioning certain employees' severance pay on the signing of a separation agreement. That

---

[4] It should be noted that 29 C.F.R. § 1601.24 is not located in the section titled "Procedure Following Filing of a Charge," as the EEOC claims, but in the section titled "Procedure to Rectify Unlawful Employment Practices."

claim was legally frivolous because the suit ignored the EEOC's obligation, under the statute and its own regulations, to engage in conciliation before filing suit.

Second, the EEOC challenges the amount of time that Defendant spent on each component of the trial and appellate court litigation. Defendant responds that the nature of the issues required an in-depth understanding of Title VII's text, structure, and history. This is true, in part; the amount of hours claimed for the Motion to Dismiss or, in the Alternative, for Summary Judgment are reasonable on this basis. However, Defendant is claiming more than twice the number of hours spent on the appeal than it claims for the Motion to Dismiss or, in the Alternative, for Summary Judgment.[5] The amount of hours spent on the appeal is excessive in light of the fact that the legal issues were the same as those presented in the motion practice, and there was no need to further develop a factual record at the appellate stage. Even the Petition for Rehearing in the appellate court filed by the EEOC only required one more filing by Defendant and essentially repeated the same arguments. Other courts have similarly reduced the hours claimed on appeal where there is no apparent reason for the disparity given the similarity of the issues raised in the trial court and those presented during the appeal. *See Greenfield Mills, Inc. v. Carter*, 569 F. Supp. 2d 737, 753-54 (N.D. Ind. 2008) ("The court has reviewed the docket for the appellate case and there is nothing reflected in the docket entries that would justify the extensive time expenditures on appeal in this case. But for a supplemental brief filed ordered by the Seventh Circuit after the amicus brief was submitted by the EPA, there appears to be nothing substantially out of the ordinary on appeal to justify the time expenditures."). Therefore, based

---

[5] The Motion seeks compensation for 249.2 hours for the Motion to Dismiss and for Summary Judgment and 574.3 hours for the appeal.

on the foregoing, the number of requested hours for the appeal is reduced from 574.3 hours to 300 hours.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Attorney's Fees [63] is granted in part and denied in part. Defendant shall submit a proposed judgment order consistent with this Memorandum and Opinion within thirty days of the entry of this Order.

Date:    January 18, 2017      /s/ _____
                                                               JOHN W. DARRAH
                                                              United States District Court Judge